Sophia M. Rios, SBN 305801
**BERGER MONTAGUE PC**
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
Fax: (215) 8754604
srios@bm.net

Bryan L. Plaster*, MN Bar No. 0402792
**BERGER MONTAGUE PC**
1229 Tyler Street NE, Suite 205
Minneapolis, MN 55413
T. 651.728.5423
F. 612.584.4470
bplaster@bm.net
*Admitted Pro Hac Vice


*Attorneys for Plaintiff
Sharon Diane Adams*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| SHARON DIANE ADAMS,<br><br>Plaintiff,<br><br>vs.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., AND TRANS UNION, LLC,<br><br>Defendant. | Case No. 3:24-cv-02795-TLT<br><br>**JOINT CASE MANAGEMENT STATEMENT & [PROPOSED] ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(f), Northern District Local Rule 16-9, and the Court's Standing Order, Plaintiff Sharon Diane Adams ("Plaintiff") and Defendants Experian Information Solutions, Inc. ("Experian") and TransUnion, LLC ("TransUnion") (collectively, "Defendants"), by and through their undersigned counsel, after meeting and conferring, jointly submit the following Joint Case Management Statement and Fed. R. Civ. P. 26(f) Report.

1. **Jurisdiction & Service:**

This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allow claims under the FCRA to be brought in any appropriate court of competent jurisdiction. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

All parties to the action have been properly served. The parties agree that jurisdiction and venue are proper in this Court at this time.

2. **Facts:**

**Plaintiff's Statement:**

Plaintiff brings claims against Defendants Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") (collectively "Defendants") for violations of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, the California Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civil Code §§ 1785, et seq., and California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq., stemming from Defendants' failure to follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit files, in violation of 15 U.S.C. § 1681e(b) and the CCRAA, Cal. Civ. Code § 1785.14(b).

In August 2022, Plaintiff Adams applied for a mortgage through Sunrise Bay Mortgage. Sunrise Bay Mortgage purchased a tri-merge report regarding Plaintiff from Advantage Credit, which Advantage Credit published to Sunrise Bay Mortgage on or about August 10, 2022. Defendant's report included data and a credit score from Equifax regarding Plaintiff, but no data or credit scores from Trans Union or Experian; instead, this report falsely indicated that Plaintiff is

1 deceased, and that Plaintiff has no Trans Union or Experian credit score.

2    Shortly thereafter, Plaintiff disputed the inaccurate deceased reporting with Experian. After properly identifying herself, the Experian representative informed her that there had been a deceased notation on her credit report, but it had been corrected. Experian sent notification of this update to the other credit bureaus, including Defendant Trans Union. On or about August 15, 2022, Sunrise Bay Mortgage purchased a second tri-merge regarding Plaintiff. Plaintiff's mortgage broker confirmed the Defendants were no longer reporting her as deceased, were providing a credit score, and she could proceed with the mortgage.

   Unfortunately, Defendants' correction was too little too late, as the deceased reporting had caused the closing of her loan to be delayed and her interest rate lock to expire, forcing her to incur additional out of pocket expense each month as a result of a higher interest rate. As a result of Defendants' violations of the FCRA, CCRAA, and UCL, Plaintiff has suffered a range of actual damages, including without limitation, loss of credit; out of pocket loss due to having to pay a higher mortgage interest rate; additional credit inquiries; loss of the ability to obtain favorable financing and benefit from her good name and credit rating; the expenditure of time and money disputing and trying to correct the inaccurate reporting; economic loss; and emotional distress, including, but not limited to, stress; anxiety; loss of sleep; fear of financial ruin; and the mental and emotional pain, anguish, humiliation, and embarrassment of being denied credit and being reported as "deceased."

**Defendant Experian's Statement:**

Experian denies Plaintiff's claims. This is a credit reporting case under the FCRA, 15 U.S.C. § 1681, et seq., the CCRAA, Cal. Civil Code §§ 1785, et seq., and the UCL, Cal. Bus. & Prof. Code §§ 17200 et seq. Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3. Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans,

decide who should receive credit, or set loan terms. The FCRA and CCRAA are not strict liability statutes and do not require credit reporting agencies like Experian to maintain error-free credit reporting. Rather, the FCRA and CCRAA require credit reporting agencies to follow reasonable procedures to assure maximum possible accuracy of information on its reports and to timely reinvestigate if a consumer disputes information on his or her credit report.

In the instant case, Experian followed reasonable procedures to assure the maximum possible accuracy of the information on Plaintiff's credit reports and conducted reasonable reinvestigations of the disputed information. At all times, Experian acted in good faith and without malice or intent to injure Plaintiff, and did not act negligently. Therefore, Experian has no liability in this case. Experian further denies it was the proximate cause of any damages alleged by Plaintiff.

**Defendant TransUnion's Statement:**

TransUnion states that it is a consumer reporting agency and investigative consumer credit reporting agency, as that term is defined by the FCRA and CCRAA, respectively. At all times relevant hereto, TransUnion maintained reasonable procedures to assure maximum possible accuracy of the information regarding Plaintiff. TransUnion also contends that it complied with the requirements of the FCRA, CCRAA, and UCL with respect to Plaintiff. TransUnion further contends that it properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA, CCRAA, and UCL. TransUnion denies that it has any liability to Plaintiff. Any damages Plaintiff may have sustained in this action were not caused by TransUnion, and TransUnion specifically denies that Plaintiff can sustain a claim for punitive damages in this action. TransUnion makes this statement without waiving any defenses and reserves the right to supplement this statement.

3. **Legal Issues:**

**Plaintiff's Statement:**

1. Whether Defendants followed reasonable procedures to assure maximum possible accuracy of the information in Plaintiff's credit files and reports as required by the FCRA, 15 U.S.C. § 1681e(b) and the CCRAA, Cal. Civ. Code § 1785.14(b);

2. Whether Defendants' conduct violated the California's Unfair Competition Law ("UCL"), Cal. Civ. Code § 17200, *et seq.*

3. Whether Defendants' failures to comply with the FCRA and CCRAA were negligent;

4. Whether Defendants' failures to comply with the FCRA and CCRAA were willful;

5. Whether Plaintiff suffered compensable actual damages;

6. Whether Defendants' failures to comply with the FCRA and CCRAA caused Plaintiff's damages;

7. The amount of actual damages to be awarded to Plaintiff, if any;

8. Whether Plaintiff is entitled to statutory damages;

9. The amount of statutory damages to be awarded to Plaintiff, if any;

10. Whether Plaintiff is entitled to punitive damages; and

11. The amount of punitive damages to be awarded to Plaintiff, if any.

**Defendant Experian's Statement:**

Experian believes the key legal issues in this case are (1) whether Experian employed reasonable procedures to assure the maximum possible accuracy of the information on Plaintiff's credit reports, which it maintains it did; (2) whether Experian conducted reasonable reinvestigations of the disputed account based on the information submitted by Plaintiff, which Experian maintains it did; and (3) whether Plaintiff's damages, if any, can be attributed to Experian.

**Defendant TransUnion's Statement:**

The legal issues in this case are whether: (1) Plaintiff can prove that TransUnion violated the FCRA, CCRAA, and UCL; (2) whether TransUnion implemented reasonable procedures to ensure the maximum possible accuracy of Plaintiff's credit reports, which it did; and (3) TransUnion caused Plaintiff any injury and/or damages.

4. **Motions:**

**Plaintiff's Statement:**

Plaintiff does not have any pending motions but reserves the right to bring such motions in accordance with the Federal Rules of Civil Procedure. Plaintiff may file a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, as to Defendants' liability under the FCRA, CCRAA, and UCL.

**Defendant Experian's Statement:**

Experian does not have any pending motions but reserves the right to bring such motions in accordance with the Federal Rules of Civil Procedure. Experian may file a motion for summary judgment, in whole or in part, depending on the information obtained in discovery. Experian may also file motions in limine if necessary.

**Defendant TransUnion's Statement:**

TransUnion does not have any pending motion matters but reserves the right to bring such matters to the Court's attention as the needs of the case require. TransUnion may file a motion for summary judgment prior to the dispositive motion cut-off date. If necessary, TransUnion may also file motions in limine.

5. **Amendment of Pleadings:**

The parties propose a cut-off date of **November 8, 2024** for amending pleadings.

6. **Evidence Preservation:**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues.

The parties recognize that there may be electronic records and information relevant to this lawsuit and if the production of electronic records becomes necessary, the parties will meet and confer over the form and production of such information. In the meantime, it is expected that no relevant evidence, electronic or otherwise, will be destroyed, altered, or deleted.

7. **Disclosures:**

The parties have met and conferred regarding the Initial Disclosure requirements of Rule

26(f) of the Federal Rules of Civil Procedure. The parties have agreed to make the requisite initial disclosures under Federal Rule of Civil Procedure 26(a)(1) on or before **August 13, 2024**.

**8. Discovery:**

The parties do not believe that discovery needs to be bifurcated or conducted in phases.

The parties have no privilege or protection issues to identify. The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that communications made after the attorney had been retained in this matter do not need to be stated on any privilege log. The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production. Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

The parties anticipate they will agree upon and submit to the Court a proposed stipulated protective order, which will apply to confidential and/or privileged information produced and/or requested in discovery.

The parties agree to electronic service or service by email of discovery and other case related documents. See Fed. R. Civ. P. 5(b)(2)(E).

**Plaintiff's Statement:**

Plaintiff will seek written discovery from Defendants and/or third parties regarding her claims for violations of the FCRA, CCRAA, and UCL; credit files; credit reports; requests for credit or personal information related to Plaintiff; communications related to Plaintiff; communications between Plaintiff and Defendant(s) and all other third parties mentioned in the Complaint; account records; call logs; Defendants' policies, procedures, and manuals for compliance with the FCRA, 15 U.S.C. § 1681e(b) and the CCRAA, Cal. Civ. Code § 1785.14(b); previous lawsuits and government actions against Defendants; Defendants' net worth and profits; third party discovery related to all of

Plaintiff's credit applications that were either negatively impacted or denied as a result of Defendants' inaccurate reporting; and any information maintained by Defendant that concerns or relates to Plaintiff or any account or file associated with Plaintiff and the Complaint. This list is non-exhaustive and Plaintiff reserves the right to discovery of any relevant information not herein mentioned.

In addition to written discovery, Plaintiff intends to depose each individual employee or agent that both participated in the preparation of Plaintiff's consumer report(s) and any disputes related thereto, and a corporate representative(s) from each Defendant regarding Defendants' respective policies and procedures.

Finally, Plaintiff anticipates retaining experts regarding his damages and the credit reporting issues herein. At this point, Plaintiff believes these damages to be significant. As a result of Defendants' violations of the FCRA, CCRAA, and UCL, Plaintiff has suffered a range of actual damages, including without limitation, loss of credit; out of pocket loss due to having to pay a higher mortgage interest rate; additional credit inquiries; loss of the ability to obtain favorable financing and benefit from her good name and credit rating; the expenditure of time and money disputing and trying to correct the inaccurate reporting; economic loss; and emotional distress, including, but not limited to, stress; anxiety; loss of sleep; fear of financial ruin; and the mental and emotional pain, anguish, humiliation, and embarrassment of being denied credit and being reported as "deceased."

**Defendant Experian's Statement:**

Based on information presently known, Experian anticipates conducting discovery on the following: the facts and circumstances surrounding the allegations in Plaintiff's Complaint; the communications, if any, between Plaintiff and Experian; the facts and circumstances surrounding Plaintiff's alleged damages; Plaintiff's failure to mitigate her alleged damages; causation issues relating to Plaintiff's alleged damages; the facts and circumstances surrounding any allegedly adverse credit actions or credit denials; Plaintiff's credit history and usage; the facts and

circumstances surrounding any third parties who have allegedly received or reviewed Plaintiff's consumer report; and any other issues raised by the pleadings or discovery.

**Defendant TransUnion's Statement:**

TransUnion will seek discovery of materials related to: (1) the facts and circumstances surrounding the allegations of Plaintiff's Complaint; (2) Plaintiff's alleged damages; (3) whether there is any causal relationship between Plaintiff's alleged damages and any consumer report(s) issued by TransUnion or any action or inaction of TransUnion; (4) Plaintiff's financial and consumer history; (5) any communications between Plaintiff and TransUnion; (6) Plaintiff's failure to mitigate her damages, if any; (7) any communications between Plaintiff and any third parties regarding the matters alleged in Plaintiff's Complaint; and (8) any discovery necessitated by pleadings and other discovery.

**9. Class Actions:**

This is not a putative class action.

**10. Related Cases:**

The parties are unaware of any related cases or proceedings currently pending before a judge of this Court or any other Court.

**11. Relief:**

**Plaintiff's Statement:**

Plaintiff seeks economic and non-economic actual damages, declaratory and injunctive relief, and reasonable attorneys' fees and costs.

**Defendant Experian's Statement**:

Experian denies that it was the proximate cause of any of Plaintiff's alleged damages.

**Defendant TransUnion's Statement**:

TransUnion denies that it was the proximate cause of any of Plaintiff's alleged damages.

**12. Settlement and ADR**

The parties have not yet engaged in settlement negotiations, but anticipate engaging in early settlement negotiations following the exchange of informal document productions and/or after the first round of written discovery has been completed.

The parties have agreed to mediation by December 31, 2024, for their ADR option. The parties are filing a Joint Stipulation and [Proposed] Order Selecting ADR Process concurrently with this report.

**13. Other References:**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-District Litigation.

**14. Narrowing of Issues:**

At this time, there are no dispositive or partially dispositive issues appropriate for decision by motion or by agreement.

**15. Scheduling:**

**Fact Discovery Cutoff:** January 31, 2025

**Expert Discovery Cutoff:** March 21, 2025

**Discovery and Non-dispositive Motions Cutoff:** March 28, 2025

**Dispositive and *Daubert* Motions Cutoff:** April 25, 2025

**Final Pretrial Conference:** July 24, 2025

**Jury Trial:** August 11, 2025

**16. Trial:**

The parties request that trial be set to begin August 11, 2025, and anticipate trial of this case can be completed in approximately **4 days.**

**Experian** anticipates 1-2 days for trial.

**17. Disclosure of Non-party Interested Entities or Persons:**

All parties have filed their required Certification of Interested Entities or Persons (ECF Nos. 3, 16, and 19).

18. **Professional Conduct.**

Counsel of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

19. **Other Matters.**

The parties have agreed to the following limits on discovery:

Maximum Number of Interrogatories: The parties agree that a party may not serve more than **25 interrogatories** on each individual party.

Maximum Number of Requests for Admission: The parties agree that a party may not serve more than **50 admission requests** on each individual party.

Maximum Number of Requests for Production of Documents and Time to Respond: The parties agree that a party may not serve more than **50 requests for production of documents** on each individual party.

Maximum Number of Depositions by Each Party: Given the complexity of the claims at issue, the parties agree and stipulate that each Party is limited to **seven (7) depositions**, inclusive of expert depositions. Each deposition shall be limited to a maximum of seven (7) hours unless extended by agreement of the parties.

Experian proposes that each party not be limited to a particular number of depositions as it is still developing the facts of this case.

Respectfully submitted,

Date: August 8, 2024         By:   */s/ Bryan L. Plaster*
                                   Bryan L. Plaster, MN Bar No. 0402792*
                                   **BERGER MONTAGUE PC**
                                   1229 Tyler Street NE, Suite 205
                                   Minneapolis, MN 55413
                                   Telephone: (651) 728-5423
                                   Fax: (612) 584-4470
                                   bplaster@bm.net
                                   *Admitted Pro Hac Vice*

Sophia M. Rios, SBN 305801
**BERGER MONTAGUE PC**
8241 La Mesa Blvd., Suite A
La Mesa, CA 91942
Tel: (619) 489-0300
Fax: (215) 875-4604
srios@bm.net

*Counsel for Plaintiff Sharon Diane Adams*

By:  /s/ Hillary J. Green
Hillary J. Green, Bar No. 243221
**JONES DAY**
3161 Michelson Drive, Suite 800
Irvine, CA  92612
Tel: (949) 851-3939
Fax: (949) 553-7539
hgreen@jonesday.com

*Counsel for Defendant Experian Information Solutions, Inc*

By:  /s/ Patrick D. Doran
Patrick D. Doran*
Alexandria K. Rosa*
**BUCHANAN INGERSOLL & ROONEY PC**
Two Liberty Place
50 South 16th Street, Suite 3200
Philadelphia, PA 19102
Tel: (619) 239-8700
Fax: (619) 702-3898
patrick.doran@bipc.com
alexandria.rosa@bipc.com
* *Admitted Pro Hac Vice*

12

JOINT CASE MANAGEMENT
STATEMENT & [PROPOSED ORDER]
Case No. 3:24-cv-02795-TLT

Jason E. Murtagh, SBN 294830
**BUCHANAN INGERSOLL & ROONEY LLP**
One America Plaza,
600 West Broadway, Suite 1100
San Diego, CA  92101
Tel: (619) 239-8700
Fax: (619) 702-3898
jason.murtagh@bipc.com

*Counsel for Defendant TransUnion, LLC*

## ATTESTATION PER CIVIL L.R. 5-1(i)(3)

The ECF filer of this document hereby attests that concurrence in the filing of this document has been obtained from each of the other signatories.

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

UNITED STATES DISTRICT/MAGISTRATE JUDGE